# EXHIBIT 4

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

**PROCESS ORDER No. 9**
(sanctions order #1)

Case Number: 01-26-0000-7411

Individual Claimants
v.
Broadbase Ventures Ltd., Keeble Holdings, Inc., Arena Entertainment Ltd., MW Services, Ltd., WOWCOM Services, Inc., and Rory Cartwright, Respondents

---

The parties dispute the non-signatory Respondents' participation in this arbitration. Specifically, during the July 6, 2026 preliminary hearing, the parties disputed the arbitrability of and jurisdiction over the claims against the non-signatory Respondents. See PO1, dated 07/07/2026. Claimants requested jurisdictional discovery to substantiate their alter ego and other theories. The parties submitted their dispute to the PA for adjudication.

The PA denied Claimants' request as framed but granted Claimants limited jurisdictional discovery from the signatory Respondents. See PO2, dated 08/07/2026. Thereafter, the signatory Respondents produced two organizational charts but no other jurisdictional discovery. Claimants requested sanctions for noncompliance with the jurisdictional discovery order, and the PA ordered briefing on the request and the signatory Respondents' objections to the limited discovery.

Thereafter, the PA granted the request for sanctions but reserved decision on the appropriate form of sanctions. After further briefing, the PA held argument on the issue at the process conference held on October 23, 2026. The PA afforded the signatory-Respondents a third opportunity to cure their noncompliance during the October 23, 2026 process conference, which they declined. Having reviewed the matter carefully, the PA ruled as follows:

- The signatory Respondents shall pay Claimants' attorneys' fees and costs in the amount of $31,455.53 within 30 days from today's date, after which the amount will accrue interest at the legal rate until paid. These fees and costs represent sanctions to compensate Claimants for the additional time and cost involved in having to file additional briefs and address additional issues resulting from signatory Respondents' noncompliance.

As to the requested sanctions for noncompliance with the tribunal's order, the PA ruled as follows:

- The non-signatory Respondents shall remain in the case as presumptive affiliates and alter egos of the signatory Respondents subject to the arbitration agreement until the signatory Respondents produce the ordered discovery or until further order of the PA or the Court.

- The signatory Respondents may elect to cure their noncompliance with the jurisdictional discovery orders (PO2 and PO4) by agreeing to promptly produce all ordered discovery. If they agree to do so by October 30, 2026, then the PA will impose no further sanctions

beyond the fees and costs ordered herein and will rescind the presumptive finding above.

- Alternatively, the signatory Respondents may proffer the full production of responsive jurisdictional documents for the PA's in camera inspection in an effort to demonstrate that the non-signatory Respondents are not their affiliates or alter egos as alleged by Claimants. If they elect to do so by October 30, 2026, the PA will consider the evidence in camera in determining whether to rescind the presumptive finding above.

- If the signatory Respondents decline these options, the presumptive finding above will remain in effect unless or until further order of the PA or Court.

The PA also afforded the parties the opportunity to move to confirm or vacate her final sanctions order when issued by finalizing it as an appealable partial final award. The parties shall report if they or either of them would like the sanctions award to be structured as a partial final award by no later than October 30, 2026.

**ORDER & SCOPE OF ORDER**

The PA reaffirms her PO2 and PO4 rulings. The PA rules that non-signatory Respondents shall remain in the case as presumptive affiliates and alter egos of the signatory Respondents subject to the arbitration agreement until the signatory Respondents produce the ordered discovery or until further order of the PA or the Court, and further subject to the conditions set forth above.

The PA reserves all other issues as set forth herein and in prior process orders. This Order shall continue in effect unless and until amended by subsequent order of the PA or Court.

**IT IS SO ORDERED.**

October 23, 2026
*/s/ Janice L. Sperow*
Janice L. Sperow, Process Arbitrator